Case 1:22-mj-00098-RMM   Document 1-1   File

Case: 1:22-mj-00098
Assigned to: Judge Meriweather, Robin M.
Assign Date: 5/5/2022
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

On May 4, 2022, officers of the Seventh District Crime Suppression Team (CST) of the Metropolitan Police Department were ("MPD") working in unison with the Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), at the Shell Gas Station at 4700 South Capitol Street Southeast, Washington, DC 20032, which is a known open-air drug market from which officers have recovered numerous narcotics and firearms in recent months.

Officers with MPD and FBI were on an observation post, and while on the observation post, at 1451 hours Officers observed Lavon Blakeney opening the trunk of a black Toyota bearing District of Colombia hard tag GK0178. Blakeney is the registered owner of the Toyota. The vehicle was parked beside the Shell gas station at 4700 South Capitol Street Southeast. Officers further observed an unknown male approach Blakeney, at which point Blakeney grabbed a clear bag containing a green weed-like substance, retrieved an unknown amount of the green weed-like substance from the bag, and gave it to the unknown male. The unknown male then was observed giving Blakeney U.S currency.

At 1511 hours, officers observed another unknown male approaching Blakeney. Blakeney then handed over a clear bag containing a green weed-like substance to the second unknown male. After receiving the bag containing the green weed like substance, the second unknown male was observed handing over U.S currency.

Meanwhile, at 1454 hours, officers with MPD and FBI on the observation post had observed a black male wearing a white t-shirt, blue jeans, gray and white shoes, and a gray hoodie tied around his waist, later identified as Keonte Lewis, outside of the Shell Gas Station lobby making a hand-to-hand drug transaction that appeared to the affiant to be consistent with distribution. At 1518 hours, the officers observed Lewis inside the Shell gas station again making a hand-to-hand drug transaction that appeared to the affiant to be consistent with distribution.

Officers pulled into the Shell gas station parking lot. Officers immediately stopped Blakeney, and based on the previous observations of the narcotics transaction, placed Blakeney in handcuffs to further investigate. At 1624 hours, DEA Agent Briant, P and his K-9 partner Storm (Narcotics) conducted an open-air sniff on Blakeney's black Toyota, which yielded a positive result for the presence of narcotics. Officers searched the vehicle and discovered a total of 22.1 ounces of a green weed-like substance that field-tested positive for Tetrahydrocannabinol, the active ingredient in marijuana. Officers also located a digital scale and multiple clear plastic bags.

Officers also found a firearm in the black Toyota's center console. The firearm was a black Springfield Armory .45 caliber with 1 round in the chamber with 13 rounds inserted into a 13 round magazine capacity. The slide had a serial number of #US 587005 with an additional serial number in the frame bearing XD 645119. A Wales/NCIC query revealed that the listed firearm was stolen out of Prince George County, date of entry 01/05/2014. Finally, a search of Blakeney's person revealed $429.00 in U.S. currency.

A criminal history check of Blakeney through the National Crime Information Center (NCIC) confirmed that Bailey entered a guilty plea to Robbery in 2012 in D.C. Superior Court case 2013CF3017851.  The defendant was sentenced to 22 months' incarceration and 18 months of supervised release.  Therefore, the defendant would have been aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

Your affiant and other officers entered the Shell gas station and approached Lewis.  Your affiant immediately observed the magazine plate of a firearm protruding from Lewis's waist band.  Based on the previously observed narcotic transaction and your affiant's observations of the magazine plate, the affiant immediately placed Lewis into handcuffs.  Officer Jeskie, who also observed the magazine plate protruding from Lewis, conducted a pat down of the area.  Officer Jeskie felt a firearm and voiced the predetermined code word for the presence of the firearm.  Officer Gates recovered the firearm from inside Lewis's waist band. The firearm was a Smith and Wesson SD40 bearing serial #DWA0132.  The firearm had one round in the chamber and 8 rounds in a ten-round capacity magazine.

Officers conducted a probable cause search of Lewis, and Officers located 1 black digital scale, 3 multicolor bags with a green leafy substance that had a total weight of 1.8 ounces, $1342 in U.S. Currency in assorted denominations, a red iPhone with a cracked screen, and a black iPhone.  The affiant field-tested the green leafy substance which yielded a positive color reaction for Tetrahydrocannabinol, the active ingredient in marijuana.  Lewis verbally identified himself Lewis, Keonte DOB: 10/23/2002.

There are no firearm or ammunition manufacturers in the District of Columbia.  Therefore, the firearm and ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

Based on the foregoing, your affiant submits that there is probable cause to believe that Lavon Blakeney violated 18 U.S.C. § 922(g)(1), which makes it unlawful for any person who has been convicted in a court of a crime punishable by imprisonment for a term exceeding one year a crime to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Your affiant also submits that there is probable cause to believe that Blakeney violated 18 U.S.C. § 924(c), which makes it a crime to use or carry a firearm during and in relation to a drug trafficking crime.

Your affiant also submits that there is probable cause to believe that Blakeney violated 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D), which make it a crime to possess with intent to distribute or dispense possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

      Your affiant further submits that there is probable cause to believe that Keonte Lewis violated 18 U.S.C. § 924(c), which makes it a crime to use or carry a firearm during and in relation to a drug trafficking crime.

      Your affiant also submits that there is probable cause to believe that Lewis violated 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D), which make it a crime to possess with intent to distribute or dispense possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

_____
OFFICER CALEB DEMERITT
METROPOLITAN POLICE DEPARTMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 5th day of May, 2022.*

_____
ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE